In the Matter of C.Q.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-121-CV

IN THE MATTER OF C.Q. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point, Appellant argues that the trial court abused its discretion by committing him to the Texas Youth Commission (“T.Y.C.”) because the trial court’s finding that Appellant’s educational needs would be met by T.Y.C. was not supported by any evidence.  We will not reverse the trial court's decision unless the court abused its discretion.
(footnote: 2)  An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision.
(footnote: 3)  

Appellant challenges one of the trial court’s four listed reasons for committing him to T.Y.C.  The challenged reason is, “The Court finds that the educational needs of the child can be met by [T.Y.C.].”  It is true that no evidence was admitted to support this reason.  The reason, however, is an accurate statement of law.
(footnote: 4)  As a statement of law, it needs no evidence for support.  Appellant does not challenge any other reason.  Additionally, he does not challenge any mandatory findings.
(footnote: 5)  Consequently, we hold that the trial court did not abuse its discretion in committing Appellant to T.Y.C.  We overrule his sole point and affirm the trial court’s commitment order.

LEE ANN DAUPHINOT 

JUSTICE 

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED:  January 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In re C.J.H.
, 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.).

3:
Id.

4:
See
 37 
Tex. Admin. Code
 §§ 85.3(h), 87.3(g), 91.1, 91.41, 91.43, 91.45 (2003) (all describing the obligations of T.Y.C. to provide for the education of the children in its custody).

5:
See
 
Tex. Fam. Code Ann.
 § 54.04 (c), (i) (Vernon Supp. 2004).